WINCHESTER, Trustee of WILLIAMS, *vs.* The UNION BANK OF MARYLAND.—*December,* 1829.

In a suit by a trustee of an insolvent debtor, claiming in his character of trustee, a general issue plea does not admit the character in which the plaintiff sues.

To establish the right of such a trustee, the plaintiff, under the general issue, must prove every thing essential to the showing himself clothed with the character and authority of a trustee, which cannot be done by the production of the certificate of the commissioners of insolvent debtors, and the final discharge of the insolvent only, but all the proceedings must be exhibited.

The different insolvent laws of this State constitute one general system and must be construed together ; and so construed, require a bond with *security* to be given, before a trustee can act as such, without which, he cannot be invested with the character and rights of a trustee. To estab-

lish his character as trustee, and his right to sue in that capacity, it is
incumbent on the plaintiff to show that such a bond was given, by proof
of the bond itself.

APPEAL from *Baltimore* County Court.

This was an action of *Assumpsit* brought by the appellant, as trustee of *James Williams*, against the appellees,
the *President and Directors* of the *Union Bank of Maryland.* The declaration contained a count, for goods, wares,
and merchandise, sold and delivered; for money paid, laid
out, and expended; money had and received; and on an
*insimul computassent. Non assumpsit* was pleaded, and
issue.

At the trial, the plaintiff offered in evidence the insolvent papers of *James Williams*, consisting of the petition
of the said *James Williams* to one of the judges of *Baltimore* County Court, setting forth his actual confinement
in the gaol of *Baltimore* county, for debts which he was
unable to pay, and his willingness to deliver up his property to the use of his creditors. This petition was accompanied with "a list of debts due by *James Williams* :"
"of debts due, and property belonging to *James Williams,*"
and an affidavit of their truth; proof of *Williams's* residence in the State for the two years next preceding his
application; the certificate of the sheriff of *Baltimore*
county, of said *Williams* being in actual confinement for
debt alone, with the reference of the application by the
judge aforesaid, to the commissioners of insolvent debtors;
the bond of *James Williams*, with security for his appearance before the commissioners, and *Baltimore* County
Court; the bond of *George Winchester*, dated 24th June,
1819, for the performance of the duties of *provisional trustee* of the said *Williams;* the conveyance from *Williams* to
*Winchester* of all his property, in trust, for his creditors,
duly acknowledged; the receipt of *Winchester*, as trustee,
for all *Williams's* property; the certificate of the commissioners, that *Winchester* had been appointed *provisional
trustee*, and had certified to them that he was in possession

of *Williams's* property; the *personal* discharge granted by one of the judges of *Baltimore* County Court to *Williams;* the bond of *George Winchester,* (without security) to perform the duties of *permanent* trustee of the said *Williams,* dated 2d August, 1819; the certificate of the commissioners aforesaid, dated 25th September, 1819, addressed to *Baltimore* County Court, that they had examined *Williams's* case, that he had acted fairly and *bona fide ;* and the final discharge awarded to *Williams* by said Court, from all debts due by him prior to the 24th June, 1819, with the usual exception of subsequent acquisitions by gift, descent, bequest, devise, or distribution, in his own right.

And the plaintiff further offered in evidence, that the said *James Williams* stopped payment, and his notes were protested in and by the said *Union Bank* on the first day of *June,* 1819; he further offered in evidence, the record entries on the application of the said *James Williams* for the benefit of the insolvent laws of *Maryland,* from which it appeared that he applied for the benefit of said insolvent laws on the 24th day of June, 1819, and that *George Winchester,* the plaintiff, was appointed provisional and permanent trustee of said *Williams,* by the commissioners of insolvent debtors, and gave his single bond *without security,* for the faithful performance of his duty as such trustee. The plaintiff further offered in evidence, a deed of assignment from *James Williams* and *John Gooding,* of the brig *Ariel* and cargo, dated *Baltimore, 4th June,* 1819, to secure a debt previously due from the grantors to the bank, (a recital of which is not material to the questions ultimately decided,) and then proved that the said *Union Bank* accepted the said brig and cargo at the valuation of sixty-five thousand dollars ; and that some portion at least, if not all, the proceeds of the said brig and cargo, in money, came to the possession of, and was received by, the said *Union Bank,* before the commencement of this suit. Whereupon the defendants, by their counsel, prayed the Court to instruct and direct the jury, that the plaintiff was not entitled to re-

cover, because he had not given bond, with security, for the faithful performance of his duty as trustee of the said *James Williams;* because there is no privity between the plaintiff, as trustee of *James Williams,* and the defendants, so as to enable him to support this suit; which instruction and direction the Court (ARCHER, Ch. J., and HANSON, A. J.) gave.

The plaintiff excepted; and the verdict and judgment being against him, he appealed to the Court of Appeals.

The cause was argued before BUCHANAN, Ch. J., and EARLE, MARTIN, and STEPHEN, J.

*R. Johnson* and *Raymond,* for appellant, contended,

1. That the certificate of the commissioners of insolvent debtors, that the insolvent had complied with the requisitions of the statute, and the final discharge of the insolvent by the Court, is conclusive evidence of the regularity of the proceedings in the insolvent debtors' court, and cannot be collaterally reviewed in a suit between the trustee and a debtor of the insolvent. 2. That under the act of 1816, establishing the insolvent debtors' court, a permanent trustee is not required to give bond, with security. 3. The defect, if it be one, of the trustee not having given bond, can only be taken advantage of by plea in abatement. They referred to *Stark. Evid.* 547, 548. *Cox's Dig. title ex'r. &c.* 14. *Childress vs. Emory,* 8 *Wheat.* 642. *De Wolf vs. Rabaud,* 1 *Peters' Rep.* 498. 3 *Bac. Abr.* 53. *Kennedy vs. Boggs,* 5 *Harr. and Johns.* 403.

*Taney,* (Attorney General) and *Kennedy,* for the appellees, referred to *Childress vs. Emory,* 8 *Wheat.* 671. 2 *Stark. Evid.* 168, *(note.)* The *act of* 1798, *ch.* 101, *sub. ch.* 3, *s.* 8. 2 *Stark. Ev.* 192. *Snelgrove vs. Hunt,* 3 *Serg. and Low.* 414. 2 *Phill. Ev.* 259, 289. *Evans vs. Mann, Cowp.* 569. *Hunter vs. Potts,* 4 *Term Rep.* 182. 3 *Bac. Abr.* 53. *Harper vs. Hampton,* 1 *Harr. and Johns.* 622. *Johnson vs. Collings,* 1 *Easts. Rep.* 98. 3 *Bos.*

and *Pull.* 559. 3 *East.* 177. 1 *Camp.* 175. 2 *Stark. Evid.* 173. 1 *Stark. Rep.* 481.

Buchanan, Ch. J., delivered the opinion of the Court.

This is an action of *assumpsit* brought by the appellant in *Baltimore* County Court, as trustee of *James Williams*, an insolvent debtor.

The declaration contains the usual counts, for goods sold and delivered, money lent, &c., to which there is the general issue plea of *non assumpsit*.

The appellant claims in the character of trustee; and at the trial, for the purpose of proving his title, and right to recover, produced in evidence the papers and proceedings connected with the application and final discharge of *Williams*, the insolvent. By which it appears, that the bond given by the appellant for the performance of his duty as trustee, is without security, for which reason the Court below instructed the jury, that he was not entitled to recover. And it is here contended, 1st. That the certificate of the commissioners of insolvent debtors for the city and county of *Baltimore*, that *Williams*, the insolvent, had complied with all the requisitions of the insolvent laws, and his final discharge, are conclusive evidence of the regularity of the proceedings, and of the insolvency of *Williams*, and of the appellant's right to sue in an action between him as trustee, and a debtor of the insolvent. 2d. That under the insolvent laws of the State, a trustee of an insolvent debtor discharged in the city of *Baltimore*, is not required to give bond, with security, for the faithful discharge of his duty. And 3d. That if a bond, with security, is required to be given by a trustee of an insolvent debtor, he not having given such a bond, can only be taken advantage of by a debtor of the insolvent, in a suit by the trustee, by a plea in abatement, and not on a plea of *non assumpsit*.

The whole of these points were raised in argument, and elaborately discussed, in the case of *Houck vs. Crouse*, decided by this Court at June Term, 1828, in which it

was held, that in a suit by a trustee of an insolvent debtor, claiming in his character of trustee, and not in his own right, a general issue plea does not admit the character in which the plaintiff sues, but that such a suit is analagous to the case of an assignee of a bankrupt claiming in that character; and that on the general issue, the plaintiff must prove every thing essential to the showing himself clothed with the character and authority of a trustee; which could not be done by the production of the certificate of the commissioners and the final discharge of the insolvent only, but that all the proceedings must be exhibited. That the different insolvent laws of the State constitute one general system, and must be construed together; and so construed, require a bond, with security, to be given by the trustee, before he can act as such, without which he cannot be invested with the character and rights of a trustee. That to establish his character as trustee, and right to sue in that capacity, it is incumbent on the plaintiff to show that such a bond was given, by proof of the bond itself, and not by the production merely of the certificate of the commissioners, that the insolvent had complied with all the requisitions of the insolvent laws, and his final discharge; and that if he does not do so, the defendant is not driven to a plea in abatement, but may take advantage of it on the general issue. And we have heard nothing in the argument of this case to induce a departure from what was decided in the case of *Houck vs. Crouse.* We concur, therefore, with the Court below, in the instruction given to the jury.

JUDGMENT AFFIRMED.